IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CRYSTAL R. TAYLOR, individually
and as Administratrix of the
ESTATE OF RONALD R. TAYLOR,**

    **Plaintiff,**

**v.**                                         **Civ. Action No. 2:19-cv-27**
                                                        **(Judge Kleeh)**

**WALLACE AUTO PARTS & SERVICES,
INC., an Illinois Corporation,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO STRIKE [ECF NO. 30]**

Pending before the Court is *Plaintiff's Motion to Strike Defendant Wallace Auto Parts & Services, Inc.'s Notice of Non-Party Fault* (the "Motion to Strike") [ECF No. 30]. For reasons discussed herein, the motion is denied.

### I.    BACKGROUND

The Plaintiff, Crystal R. Taylor ("Plaintiff"), individually and as Administratrix of the Estate of Ronald R. Taylor, brought this action against the Defendant, Wallace Auto Parts & Services, Inc. ("Defendant"), on April 1, 2019. ECF No. 1. Plaintiff alleges the following: (Count I) Strict Product Liability - Defective Design, Failure to Warn; (Count II) Breach of Express and Implied Warranties; (Count III) Negligence; and (Count IV) Consortium. According to the Complaint, the decedent suffered fatal injuries

at the Morgan Camp mine in Randolph County, West Virginia. On June 4, 2018, the decedent, a shuttle car operator, was riding in a certain personnel carrier (the "Subject Mantrip"). The Subject Mantrip struck a metal screw jack lying on the mine floor. Plaintiff argues that due to the design of the Subject Mantrip, the driver could not see the screw jack. When the Subject Mantrip hit the screw jack, the screw jack struck the decedent in the head, severely injuring and eventually killing him.

Defendant filed an Answer on May 7, 2019. ECF No. 8. On July 15, 2019, Defendant filed a Notice of Comparative Fault of Non-Party, Carter Roag Coal Company ("CRCC"). ECF No. 22. Plaintiff filed the Motion to Strike on August 20, 2019. ECF No. 30. The Motion to Strike is now ripe for consideration.

## II.  PARTIES' ARGUMENTS

Defendant's Notice, pursuant to section 55-7-13d of the West Virginia Code, advises that a non-party to the suit, CRCC, may be wholly or partially at fault for Plaintiff's injuries. Defendant writes that after the Mine Safety and Health Administration investigated the incident, it determined that the sole cause of the accident was that the mine operator, CRCC, did not maintain the haulage roadway free of extraneous material. The mine, Defendant writes, is owned, operated, and maintained by CRCC. Defendant argues that pursuant to section 55-7-13d, the trier of

fact shall consider the fault of all persons who contributed to the alleged damages, regardless of whether they were named party to the suit. Defendant asks the Court to place CRCC on the verdict form so that the jury can assess both Defendant's and CRCC's percentages of fault.

In the Motion to Strike, Plaintiff argues that because CRCC is granted immunity under the Workers' Compensation Act,[1] it cannot be placed on the verdict form. Plaintiff argues that CRCC remains immune from liability unless (1) it fails to comply with the provisions of the Workers' Compensation Act, or (2) all five elements of deliberate intent are proven pursuant to section 23-4-2(d)(2) of the West Virginia Code. Plaintiff argues that these requirements are not met, and without these requirements, CRCC's fault cannot be assessed.

### III. DISCUSSION

Section 55-7-13d of the West Virginia Code provides that "[i]n assessing percentages of fault, the trier of fact shall consider the fault of all persons who contributed to the alleged damages regardless of whether the party was or could have been named as a party to the suit[.]" W. Va. Code § 55-7-13d(a)(1). It further provides that "[f]ault of a nonparty shall be considered . . . if

---

[1] See W. Va. Code § 23-2-6.

a defending party gives notice no later than one hundred eighty days after service of process upon said defendant that a nonparty was wholly or partially at fault." Id. § 55-7-13d(a)(2). "Notice shall be filed with the court and served upon all parties to the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault[.]" Id.

"In all instances where a nonparty is assessed a percentage of fault, any recovery by a plaintiff shall be reduced in proportion to the percentage of fault chargeable to such nonparty." Id. § 55-7-13d(a)(3). The statute also provides that "**[n]othing in this section is meant to eliminate or diminish any defenses or immunities**, which exist as of the effective date of this section, except as expressly noted herein[.]" Id. § 55-7-13d(a)(4) (emphasis added). Further, "[a]ssessments of percentages of fault for nonparties are used only as a vehicle for accurately determining the fault of named parties. **Where fault is assessed against nonparties, findings of such fault do not subject any nonparty to liability** in that or any other action, or may not be introduced as evidence of liability or for any other purpose in any other action[.]" Id. § 55-7-13d(a)(5) (emphasis added). "In

all actions involving fault of more than one person, . . . the court shall instruct the jury to answer special interrogatories, . . . indicating the percentage of the total fault that is allocated to each party and nonparty pursuant to this article." Id. § 55-7-13d(a)(6).

Here, Defendant has procedurally complied with section 55-7-13d. The Court finds that CRCC may be included on the verdict form in this matter. The language of section 55-7-13d indicates that the Legislature contemplated a set of circumstances where a nonparty might be included on the verdict form despite its immunity via the Workers Compensation Act or another avenue. This civil action involves claims against a product manufacturer — the immunities and defenses Plaintiff points to in support of her motion belong to a different non-party, the decedent's employer. The claims here are governed by section 55-7-13d, which, as noted above, preserves immunities and defenses. The statute, at its core, seeks to establish by jury trial the truest and most accurate assessment of fault possible, but that finding is limited in its scope. Only **parties** to the case have their **liability** established by that apportionment. Non-parties are not bound nor can they be bound by any aspect of any verdict rendered pursuant to section 55-7-13d. See W. Va. Code §55-7-13d(a)(5). Allowing the jury to assign fault to CRCC does not diminish CRCC's defenses or

immunities or subject it to liability. Instead, the process required by statute seeks to set the level of fault attributable to Defendant, and Plaintiff's recovery from Defendant will be confined by that percentage – exactly as contemplated and provided for by the statute.[2] Regardless of whether Plaintiff would be able to file suit directly against CRCC, section 55-7-13d provides that CRCC may be placed on the verdict form for purposes of assessing the percentages of fault attributable to the parties for the subject incident here.

Plaintiff also contends in her Motion to Strike that Defendant cannot seek to apportion fault, including upon CRCC, without alleging and proving the necessary elements of a deliberate intent claim under section 23-4-2 of the West Virginia Code. This argument is also unpersuasive. Plaintiff largely relies upon <u>Roberts v. Consolidation Coal Co.</u>, 539 S.E.2d 478 (W. Va. 2000), and <u>Sydenstricker v. Unipunch Prods.</u>, 288 S.E.2d 511 (W. Va. 1982). Both cases are inapposite here. Initially, section 55-7-13d became effective well after those decisions were handed down. <u>See</u> <u>Modular</u>

---

[2] The "defenses or immunities" Plaintiff cites, while certainly valid in litigation where money damages for liability are sought from an employer defendant, are not hers to assert here. Instead, the defense, or more accurately here, the immunity from liability for workplace injuries, belongs to CRCC, which, as a non-party, does not face liability for money damages, mooting the need for immunity from non-claims.

Bldg. Consultants of W. Va., Inc. v. Poerio, Inc., 744 S.E.2d 555, 567 n.12 (W. Va. 2015) (noting a new series of statutes, including section 55-7-13d, "purport to fully occupy the field of comparative fault"); see also Clovis v. J.B. Hunt Transport, Inc., No. 1:18-CV-147, 2019 WL 4580045, at *3 n.4 (N.D.W. Va. Sept. 20, 2019) ("This Court does not perceive W. Va. Code § 55-7-13 to 'purport' to address the comparative fault issues in this case. Instead, this Court believes these sweeping statutory provisions completely govern the issues raised in the pending motion as well as civil actions seeking recovery for the actionable negligence of others.").

Furthermore, the issues decided in those cases are not present here. In Roberts, the Court examined whether an employer-defendant could assert contributory or comparative negligence of an employee-defendant as a defense in a deliberate intent action under section 23-4-2. In finding such defenses were not permitted, the court focused on the specific language of the statute, which required proof of five specific elements to sustain a claim for liability **against an employer** for workplace injuries. Similarly, in Sydenstricker, the court was faced with the question of the standard applicable to a third-party complaint for liability **against an employer** for workplace injuries. Again, based on the applicable statutory language, the court concluded that a third-

party complaint seeking contribution from a defendant employer could stand, but only if a deliberate intent claim under section 23-4-2 was alleged and sustained.

The common thread in both cases relied upon by Plaintiff is **claims against the employer** – claims for liability and money damages – by either the injured employee or a defendant seeking contribution. No such claim or effort exists here. Thus, the <u>Roberts</u> and <u>Sydenstricker</u> holdings are of no import. The immunity afforded CRCC under the West Virginia Workers' Compensation System remains untouched. The statutory immunity bestowed upon employers in good standing and who have not run afoul of the limited exception created by the deliberate intent statute provides that an employer "is not liable to respond in damages at common law or by statute for the injury or death of any employee . . . ." W. Va. Code § 23-2-6. CRCC is not being hailed to court "to respond in damages at common law or by statute." Instead, Defendant seeks, pursuant to a clear and applicable statute, to have the fault assessed in this case among all persons or parties who may have contributed to the incident made subject of this litigation. Such is Defendant's right under section 55-7-13d. The only entity possibly "liable to respond in damages" in this case is Defendant. Because the only liability (as opposed to assessment of fault) to be established here is the fault of the non-employer Defendant,

the elements of deliberate intent need not be alleged for Defendant to avail itself of section 55-7-13d of the West Virginia Code.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Strike [ECF No. 30].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 19, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE